David Abrams, Attorney at Law
PO Box 3353 Church Street Station
New York, New York 10008
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Eastern District of Wisconsin

**TO BE FILED UNDER SEAL**

U.S. District Court
Wisconsin Eastern

FEB 2 3 2022

FILED
Clerk of Court

| | |
|---|---|
| United States of America ex rel.<br>GNGH2 Inc.,<br><br>Plaintiff-Relator,<br><br>- against -<br><br>CONTINENTAL AEROSPACE TECHNOLOGIES, INC.;<br>ARITEX USA INC.;<br>SHENNAN CIRCUITS USA, INC.;<br>FACC SOLUTIONS INC.; and<br>LA SKY HARBOR LLC,<br><br>Defendants. | Index No.:<br><br>**Complaint** |

Plaintiff-Relator, complaining of the Defendants by its attorney, David Abrams, Attorney

at Law, respectfully sets forth and alleges as follows:

## I.       Nature of the Case

1.       This is a false claims act claim.  The Qui Tam Plaintiff and Relator, GNGH2 Inc.

("Relator"), alleges that the Defendants fraudulently obtained CARES Act disaster relief by

means of fraudulent certifications of eligibility.  As set forth in more detail below, the

Defendants in this matter are all affiliates of each other.  Taken together with other affiliates,

their size and revenues far exceed the maximum threshold for eligibility for disaster relief,

except for Defendant LA Sky Harbor LLC which is part of the restaurant and hotel industry.

2. Nevertheless, Defendant LA Sky Harbor LLC applied for and received second-round disaster funding, which was independently improper because second-round disaster relief is barred to businesses which are owned by entities out of the Peoples Republic of China.

**II. Parties**

3. Plaintiff-Relator GNGH2 is a New Jersey corporation.

4. Defendants Continental Aerospace Technologies, Inc ("Continental").; Aritex USA Inc. ("Aritex"); Shennan Circuits USA Inc. ("Shennan Circuits"); and FACC Solutions Inc ("FACC Solutions"). are American corporations which provide components to the aerospace industry throughout the United States. Defendant LA Sky Harbor LLC operates a hotel in Los Angeles.

5. All of the Defendants, as well as numerous other American entities which are not named as Defendants herein, are indirect subsidiaries of Aviation Industry Corporation of China Ltd. ("AVIC China").

6. For example, Defendant Continental is a subsidiary of AVIC International Holding (HK) Ltd. ("AVIC Holding") (out of Hong Kong) which is a subsidiary of AVIC China.

7. Similarly, Defendant Aritex is a subsidiary of Aritex Cading SA (out of Spain) which is a subsidiary of AVIC China.

8. Similarly, Defendant Shennan Circuits is a subsidiary of Shennan Circuits Co. Ltd. which is a subsidiary of AVIC China.

9. Similarly Defendant FACC Solutions Inc. is a subsidiary of FACC AG (out of Austria) which is a subsidiary of AVIC China.

10. Similarly Defendant LA Sky Harbor LLC ("LA Sky Harbor") is controlled by AVIC International Holding which is a subsidiary of AVIC China.

11.     In addition to the five Defendants in this matter, there are numerous American entities which are similarly indirect subsidiaries of AVIC China.

12.     For example, Cirrus Design Corporation (also known as Cirrus Aircraft) is a subsidiary of China Aviation Industry General Aircraft which is a subsidiary of AVIC China.

13.     Similarly, Align Aerospace LLC and Nexteer Automovie are subsidiaries of AVIC China.

14.     Since all of these American entities (collectively the "AVIC USA CONCERN") are under common ownership and control, their revenues, assets, employees counts, and so forth must be aggregated for determination of eligibility for disaster relief under the CARES Act.  As set forth in more detail below, the AVIC USA CONCERN does not qualify for such relief except for Defendant LA Sky Harbor since there is a special rule for hotels and restaurants.

**III.     Jurisdiction and Venue**

15.     This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where any one Defendant resides or transacts business.  In this case, all of the Defendants transact business throughout the United States.  In particular, Defendant Continental rents space; makes announcements; and unveils its new products at the annual Experimental Aircraft Association exposition in Oshkosh, Wisconsin.

16.     To be clear, Relator is not basing personal jurisdiction on the Defendants' contacts with Oshkosh.  Since the False Claims Act is a national service statute, personal jurisdiction arises from the Defendants' contacts with the United States as a whole.  Wisconsin is the selected venue.

## IV.    Activities of and Relationship Among the Defendants

17.    As noted above, the Defendants in this matter are all part of an extremely large multinational concern, AVIC China, which is a state owned entity in the Peoples' Republic of China ("PRC" or "Mainland China")

18.    Although there has been significant concern in the United States over the security implications of PRC acquisitions of American entities in the Aerospace industry, this lawsuit is not about those concerns.  Rather, this lawsuit simply challenges the Defendants' eligibility for disaster relief.

## V.    Background

19.    Throughout most of 2020, the United States was faced with a large scale outbreak of the virus commonly known as "Coronavirus" and "COVID-19." (the "Coronavirus Epidemic").

20.    In addition to the Coronavirus Epidemic itself, the United States was faced with large scale outbreaks of panic and hysteria as a result of the Coronavirus Epidemic.

21.    All of the above has resulted in major economic disruption and as a result Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, commonly known as the "CARES Act."

21.    The CARES Act contains a provision which permitted qualifying business which were affected by the foregoing disruption to obtain forgivable disaster relief.

22.    Each of the Defendants herein applied for and received such funding as follows:

| Party | Date | Amount | Forgiven |
|---|---|---|---|
| Continental | 4/15/2020 | $7,427,000 | 8/5/2021 |
| Aritex | 5/1/2020 | $69,700 | 1/26/2021 |
| Shennan Circuits | 4/11/2020 | $146,100 | 11/17/2020 |

| | | | |
|---|---|---|---|
| FACC Solutions | 5/1/2020 | $692,945 | 5/12/2021 |
| LA Sky Harbor | 4/10/2020 | $1,513,242.50 | 8/24/2021 |
| LA Sky Harbor (2nd Round) | 3/1/2021 | $1,019,500 | |
| Total: | | $10,868,487.50 | |

23. Generally speaking, the eligibility rules require that all affiliated and related entities be considered in determining whether a business qualifies for such loans.

24. Looking at the Defendants (and other affiliates) as a whole, i.e. looking at the AVIC USA CONCERN as a whole, the combined entity had far more than the maximum assets, payroll size, and revenue for qualification. (This does not apply Defendant LA Sky Harbor since it is part of the hotel and restaurant industry.)

25. Thus, the Defendants (other than Defendant LA Sky Harbor) necessarily made false statements when they executed SBA Form 2483 stating as follows:

> The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A,Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) (the Paycheck Protection Program Rule).

26. Additionally, Defendant LA Sky Harbor would have made a false statement in connection with its second-round funding application when it stated as follows:

> The Applicant is not a business concern or entity (a) for which an entity created in or organized under the laws of the People's Republic of China or the Special Administrative Region of Hong Kong, or that has significant operations in the People's Republic of China or the Special Administrative Region of Hong Kong, owns or holds, directly or indirectly, not less than 20 percent of the economic interest of the business concern or entity, including as equity shares or a capital or profit interest in a limited liability company or partnership; or (b) that retains, as a member of the board of directors of the business concern, a person who is a resident of the People's Republic of China.

27.    These statements were made shortly before the dates set forth above.  As a result of these statements, the Defendants received substantial funds to which they would not otherwise have been entitled.

**VI.    (Count I)  Violation of the False Claims Act**

28.    The False Claims Act imposes liability on a person or entity who " knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" 31 U.S.C. Section 3729(a)(1)(B)

29.    The Courts have held that this can include false statements regarding eligibility to participate in a program.  See *United States ex rel. Kirk v. Schindler Elevator Corp.*,  601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

30.    Thus, the Defendants' certifications of eligibility violated the False Claims Act because they were false and required for eligibility for disaster relief.

**VII.    Relief Sought**

31.    On behalf of the government, Relator is seeking judgment for the triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

32.    The Defendants improperly received at least approximately $9,355,245 in disaster relief as a result of the certifications set forth above.

**[continued on next page]**

33. Accordingly, Relator seeks judgment in the amount of $28,065,735 against the Defendants and in favor of the United States, together with costs, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.

Respectfully submitted,

David Abrams, Attorney at Law
  Attorney for Relator
GNGH2 Inc.

PO Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
dnabrams@gmail.com

Dated: New York, NY
       February 20, 2022